IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−1358−NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| TROST, | ) | |
| GAIL WALLS, | ) | |
| SIDDIQUI, | ) | |
| KIMBERLY LASHBROOK, | ) | |
| KIMBERLY BUTLER, | ) | |
| S. HILL, | ) | |
| KELLY PIERCE, | ) | |
| JOHN BALDWIN, | ) | |
| CORRECTIONS ADMINISTRATIVE | ) | |
| REVIEW BOARD, | ) | |
| DAVE WHITE, | ) | |
| DEBBIE KNAVER, | ) | |
| ANN LAHR, | ) | |
| MULDENHOWER, and | ) | |
| MEDICAL STAFF | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Justin Baker, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests $100,000. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>     (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>         (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>         (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's Complaint includes 135 pages of exhibits. (Doc. 1-1). He used a form Complaint, but instead of providing a statement of claim, Plaintiff has written, "See Plaintiff's Exhibit B." (Doc. 1, p. 5). None of the exhibits are marked, and if there is an Exhibit B, the Court cannot find it. Plaintiff's exhibits consist of grievances and "kites" to prison staff, as well as his medical records. (Doc. 1-1).

## Discussion

Plaintiff appears to be complaining about medical care he received for his ankle. This may state an Eighth Amendment violation, however, the Complaint is impossible to evaluate as currently presented.

Rule 8 of the Federal Rules of Civil Procedure directs that a complaint must provide "a short and plain statement of claim showing that the pleader is entitled to relief." Additionally, Federal Rule of Civil Procedure 8(d) requires that each allegation within the Complaint must be "simple, concise, and direct." The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief beyond a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). By refusing to make any statement of claim, Plaintiff has missed this mark. The Court is left to guess what was done to Plaintiff, by whom, and within which time frame. Some of the exhibits refer to events that occurred in 2009, well beyond the statute of limitations. Plaintiff also has both named a large number of individuals and attached voluminous exhibits. This requires the Court to hunt through the exhibits for each defendant's name and then try to guess what Plaintiff thinks that person did. That is more than can be reasonably expected. All claims against all defendants must be set forth in a single document. The Court will not sift through Plaintiff's exhibits for him and attempt to cobble together grievances into a coherent constitutional claim. The Complaint as currently drafted runs afoul of Rule 8 and for that reason, it must be dismissed.

The Court will, however, give Plaintiff an opportunity to submit an amended complaint to correct the flaw in his pleading. Should Plaintiff fail to file an amended complaint, of course, the Court will dismiss this case for failure to state a claim and assess a strike pursuant to 28 U.S.C. § 1915(g). The Amended Complaint also will be reviewed pursuant to § 1915A.

## Pending Motions

Plaintiff filed a motion seeking recruitment of counsel on January 9, 2018. (Doc. 5). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel, however, for a

civil litigant. *Stroe v. Immigration and Naturalization Servs.*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff has alleged that he has written outside legal firms but that law firms do not want to deal with inmates. (Doc. 5, p. 1). Unfortunately, however, Plaintiff has not identified which specific firms he has written to seeking counsel or how many firms he has attempted to contact. Without such information, the Court cannot determine whether Plaintiff's efforts have been reasonable. Plaintiff's statements could reflect actual rejections, but they just as easily could reflect Plaintiff's pessimism. For that reason, the Court finds that Plaintiff has failed to show that his efforts to seek counsel on his own have been reasonable. Plaintiff may renew his motion at a later time, but before he does, he should contact at least three legal service providers and provide the names and addresses of those he attempted to contact. If he has any rejection letters, he should also submit those to the Court in support of his motion. But for now, the Motion seeking recruitment of counsel is denied.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for violating Federal Rule of Civil Procedure 8. Plaintiff's Motion seeking recruitment of counsel (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, articulating his claims in a single document, within 28 days of the entry of this order (on or before **March 13, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: February 13, 2018**

_/s/ Nancy J. Rosenstengel_

**NANCY J. ROSENSTENGEL**
**United States District Judge**