# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−1358−NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| M. SIDDIQUI, | ) | |
| LASHBROOK, and | ) | |
| MOLDENHAUER, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Justin Baker, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The First Amended Complaint

Plaintiff originally filed this lawsuit on December 11, 2017. (Doc. 1). On February 13, 2018, the Court dismissed the Complaint for failure to follow Federal Rule of Civil Procedure 8 and directed Plaintiff to file an Amended Complaint on or before March 13, 2018. (Doc. 8). Plaintiff filed the First Amended Complaint on March 5, 2018. (Doc. 9).

Plaintiff's statement of claim reads, in its entirety: "see exhibit #D Page #41-42." (Doc. 9, p. 5). Exhibit D contains lettered paragraphs and does not appear to have been part of another grievance or a kite. Thus the Court will assume that Exhibit D is meant to be a standalone statement of claim. The Court did not consider any of Plaintiff's other exhibits as part of his statement of claim, and to the extent that those exhibits recount cognizable claims, those claims are dismissed without prejudice for failure to conform to Rule 8.

Sometime in 2017, Plaintiff began experiencing pain, inflammation, a burning sensation, redness, and swelling in his ankle. (Doc. 9, p. 35). He also hears popping or grinding in the joint. *Id*. On March 19, 2017, Plaintiff filed an emergency grievance to Warden Lashbrook regarding his issues, but the grievance was "not substantiated." *Id*. Plaintiff saw the nurse on April 10, 2017, and she prescribed Motrin and referred Plaintiff to the doctor. (Doc. 9, p. 36). Plaintiff was

seen by nurse practitioner Moldenhauer on April 17, 2017, and prescribed Tylenol. *Id*. Plaintiff filed another grievance on April 27, 2017, alleging that health care was not properly responding to his ankle complaints. (Doc. 9, p. 35).

On October 23, 2017, Plaintiff wrote a grievance alleging that he continued to experience symptoms in his ankle, but claiming that Siddiqui and Moldenhauer refused to provide anything more than pain medication. (Doc. 9, p. 36). Plaintiff alleges that any medical issues within Menard are overseen by Wexford Health Sources, and that Wexford has a policy to cut costs by refusing to provide inmates with adequate medications or health care. (Doc. 9, p. 35).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

**Count 1** – Moldenhauer, Siddiqui, and Lashbrook were deliberately indifferent to Plaintiff's ankle pain and other symptoms in 2017 when they refused to provide more medical care than pain medication in violation of the Eighth Amendment;

**Count 2** – Wexford has an unconstitutional policy or practice of prioritizing cost cutting over adequate health care in violation of the Eighth Amendment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d

722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference also may be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Although not included in his statement of claim, Plaintiff's exhibits reflect that he broke his ankle in 2009 and had screws surgically inserted to correct the break. (Doc. 9, pp. 9-10). Plaintiff alleges that in 2017, he experienced pain, swelling, and infections, among other symptoms in his previously-injured ankle. These symptoms can constitute a serious medical need, meaning that Plaintiff has made a plausible allegation regarding the first prong of a deliberate indifference claim. As to the second element, Plaintiff has alleged that his symptoms have persisted, but that Moldenhauer and Siddiqui continue to only offer him over-the-counter

pain medication and refuse to take further action. Lashbrook has been made aware of the medical defendant's actions and refuses to intervene. Refusal to adequately respond to a grievance can show deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). At the pleading stage, Plaintiff has made an adequate allegation of deliberate indifference as to each Defendant, and **Count 1** will be allowed to proceed against Siddiqui, Moldenhauer, and Lashbrook.

As to **Count 2,** in certain circumstances, a private corporation like Wexford can be held liable. Normally, a private corporation is shielded from vicarious liability under Section 1983, but Wexford is presumed to act under color of state law, and thus it is treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

Here, Plaintiff has alleged that Wexford has a policy of prioritizing cost-cutting over providing adequate health care or medication. It is plausible that this policy is responsible for Plaintiff's delay in receiving appropriate medical care. Thus, Plaintiff's *Monell* claim will be allowed to proceed against Wexford as well.

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against the Defendants. The Clerk of Court shall prepare for Defendants Wexford Health Sources, Inc., Siddiqui, Lashbrook, and Moldenhauer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** June 5, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**