IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-1358-NJR-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MOHAMMED SIDDIQUI, | ) |
| JACQUELINE LASHBROOK, and | ) |
| MICHAEL MOLDENHAUER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter came before the Court on the Motion for Summary Judgment on Exhaustion (Docs. 34 and 35) filed by Defendants Michael Moldenhauer, Mohammed Siddiqui, and Wexford Health Sources, Inc. On February 26, 2019, the Court held a hearing on Defendants' motion pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For the reasons that follow (and the reasons stated on the record at the hearing), the Court grants the motion.

### BACKGROUND

Plaintiff Justin Baker initiated this lawsuit pursuant to 42 U.S.C. § 1983 on December 11, 2017 (Doc. 1). On June 5, 2018, the Court conducted a threshold review of Baker's First Amended Complaint (Doc. 10) and allowed him to proceed on the following claims:

**Count 1-** Moldenhauer, Siddiqui, and Lashbrook were deliberately indifferent to Baker's ankle pain and other symptoms in 2017 when they refused to provide more medical care than pain medication in violation of the Eighth Amendment.

**Count 2-** Wexford has an unconstitutional policy or practice of prioritizing cost cutting over adequate health care in violation of the Eighth Amendment.

Sometime in 2017, Baker began experiencing pain, inflammation, a burning sensation, redness, and swelling in his ankle (Doc. 9, p. 35). He also heard popping or grinding in the joint (*Id.*).

On March 19, 2017, Baker filed an emergency grievance to Defendant Lashbrook stating that, since March 6, 2017, he had submitted several requests to the Health Care Unit because he was experiencing pain and swelling in his ankle, and the medical staff refused to respond (Doc. 9, p. 9-12). Defendant Lashbrook found that the grievance was "not substantiated" and directed Baker to submit his grievance through normal channels (Doc. 9, p. 9).

Baker filed another grievance on April 27, 2017, alleging that health care was not properly responding to his ankle complaints (*Id.*). He explained that he saw the nurse on April 10, 2017, and she prescribed Motrin and referred Baker to the doctor (Doc. 9, p. 17). He also explained that he was seen by a nurse practitioner on April 17, 2017, and he prescribed Tylenol (*Id.*). This grievance was received by the counselor on May 5, 2017 (*Id.*). The counselor responded to the grievance on May 22, 2017 (*Id.*). In the response, the counselor noted that Baker was seen by Defendant Moldenhauer on April 17, 2017 and directed Baker to see the HCU response (*Id.*). Gail Walls, the HCU Administrator

responded that there was no sick call in his chart until April 10, 2017, Baker was then seen for his ankle, given Motrin and referred to the doctor on April 17, 2017, and there have been no complaints since (Doc. 9, p. 22).

Baker submitted a copy of this grievance (not the original) to the Grievance Office, and on June 6, 2017, the Grievance Office denied it explaining that "copied grievances will not be accepted nor will they be addressed." (Doc. 9, p. 25). Baker then appealed to the Administrative Review Board ("ARB") on June 13, 2017 (Doc. 9, p. 28). On June 30, 2017, the ARB directed Baker to "provide the original grievance for review if timely." (Doc. 9, p. 28). Baker resubmitted his original grievance to the Grievance Office on July 17, 2017, but it was denied because it was not submitted within the proper timeframe—the Grievance Office received it outside of the sixty-day window (Doc. 9, p. 16). He then appealed this grievance to the ARB on July 27, 2017, and the ARB denied it as untimely for the same reason (Doc. 9, p. 15).

Baker filed another grievance on October 23, 2017 (Doc. 9, p. 30). In this grievance, he complained that the tactical team conducted a shakedown of his cell and took his pain pills that were previously prescribed by Defendants Moldenhauer and Siddiqui (*Id.*). He complained of ankle pain and that he needed pain pills or to be seen by someone (Doc. 9, p. 31). He also explained that he would like a more permanent solution to deal with his ankle pain than just pain pills (*Id.*). This grievance was received by the counselor on October 27, 2017, and the counselor responded to the grievance on November 1, 2017 (Doc. 9, p. 30). In response, the counselor mentioned that she and Defendant Siddiqui reviewed the grievance (Doc. 9, p. 33). They noted that Baker last wrote a grievance

wanting to be seen by medical on October 23, 2017, and his last nurse sick call was in June 2017 (*Id.*). They directed him to put in for nurse sick call if he had any further medical problems (*Id.*). There is no indication that this grievance was appealed to the Grievance Office, the Warden, or the ARB.

On November 6, 2018, Defendants Moldenhauer, Siddiqui, and Wexford filed the instant motion for summary judgment on the issue of exhaustion of administrative remedies (Docs. 34 and 35). Defendants argue that Baker did not properly appeal the denial of his grievances. Further, they assert that (with the exception of the April 27, 2017 grievance as to Defendant Moldenhauer) the grievances failed to put Defendants on notice of the claims against them.

On February 11, 2019, Baker filed a response to Defendants' motion for summary judgment (Doc. 51). Within his response, Baker makes arguments as to the April 27, 2017 grievance only. In reply, Defendants note that Baker's medical records confirm that Baker was not treated by Defendant Siddiqui at the time of the relevant grievances. Defendants also point out that, as to the April 27, 2017 grievance, Baker did not address the fact that he did not follow the proper protocol when he appealed his grievance.

At the *Pavey* hearing on February 26, 2019, Baker conceded that he failed to exhaust his administrative remedies as to these defendants in the May 19, 2017 and October 23, 2017 grievances. As to the April 27, 2017 grievance, Baker argued that he was not aware that the prison was no longer accepting photocopies of grievances.

## LEGAL STANDARD

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

## DISCUSSION

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In *Pavey v. Conley*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Under the Illinois Administrative Code, an inmate must first submit a written grievance within sixty days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer ("CAO" *i.e.*, the Warden) within two

months of receipt, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An offender may also request a grievance be handled as an emergency by sending the grievance directly to the CAO. *Id.* § 504.840. If there is a substantial risk of imminent personal injury or harm to the offender, the grievance should be handed on an emergency basis. *Id.* § 504.840(a). If the CAO determines it is not an emergency, the offender shall be notified in writing that he may resubmit the grievance in accordance with the standard grievance process. *Id.* § 504.840(c).

An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id.* § 504.850(a*); see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within six months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Because Baker conceded that he failed to exhaust his administrative remedies as to the March 19, 2017 emergency grievance and the October 23, 2017 grievance, the only relevant grievance is the April 27, 2017 grievance.

Although the April 27, 2017 grievance complains of action (or inaction) taken by Defendant Moldenhauer, Baker failed to properly exhaust this grievance. As explained above, Baker submitted a copy of this grievance (not the original) to the Grievance Office, and the Grievance Office denied it on June 6, 2017 explaining that "copied grievances will not be accepted nor will they be addressed." (Doc. 9, p. 25). Instead of then submitting the original, Baker appealed that denial to the ARB. The ARB denied the grievance on

June 30, 2017 and directed Baker to provide the original (Doc. 9, p. 28). Baker did not submit the original to the Grievance Office until July 17, 2017 (Doc. 9, p. 16). At this point, the grievance was untimely because it was submitted outside of the sixty-day window. Even if Baker was not aware that it was unacceptable to submit a copy of a grievance, he at least knew as of June 6, 2017. Had Baker submitted the original grievance at that time, it would have been within the sixty-day window. Thus, the Court finds that Baker failed to exhaust his administrative remedies.

## Conclusion

For these reasons and for those set forth in more detail on the record, the Motion for Summary Judgment on Exhaustion filed by Defendants Moldenhauer, Siddiqui, and Wexford (Docs. 34 and 35) is **GRANTED**. Defendants Moldenhauer, Siddiqui, and Wexford are **DISMISSED without prejudice** for failure to exhaust administrative remedies. Judgment will be entered after the conclusion of the entire action.

The only claim that remains in this case is the deliberate indifference claim set forth in Count 1 against Defendant Lashbrook.

**IT IS SO ORDERED.**

DATED:   February 27, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**